# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TYANIKA BADGER,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

Case No. 2:11-CV-1609-KJD-CWH

**ORDER**

    Before the Court are Defendant Wal-Mart's Motions in Limine to Limit Past Medical Expenses to Amounts Paid and Amounts Owed, and Exclude all Unsupported Medical Damages Claims (#23). Plaintiff filed a response in opposition (#28).

    Also before the Court are Defendant's Motions in Limine to Exclude Evidence of Defendant's Financial Condition, Prohibit the Showing of Demonstrative Evidence to the Court and Jury Without Prior Inspection by Defense Counsel, Exclude Evidence Regarding Liability Insurance, Exclude Trial Witnesses Who Have Not Yet Testified From the Courtroom, Exclude Evidence of Subsequent Remedial Measures, Exclude Evidence of Where Attorney/Firm Practices, Exclude Evidence from Other Matters, Exclude Evidence of Other Incidents, Exclude Evidence of Settlement Negotiations, Exclude Testimony that Plaintiff is Helpless or Financially Impaired, Exclude Testimony Regarding Plaintiff's Deceased Daughter, Exclude Leo Muñoz's Testimony Regarding

Coca-Cola and Wal-Mart Stores, Inc., Exclude Leo Muñoz's Testimony Regarding the Foreclosure of his Home, Exclude Joseph Valdez's Testimony Regarding His Disciplinary Record, and Confine Rule 30(b)(6) Witnesses' Testimony to the Scope of the Rule 30(b)(6) Notice (#24). Plaintiff filed a response in partial opposition (#29).

Also before the Court are Plaintiff's Motions in Limine to exclude references to Medicare/Medicaid Benefits and/or medical treatment provided on a lien basis; hypothetical questions of plaintiff and/or her medical providers involving non-existent medical conditions, symptoms, or injuries; evidence of prior accidents; evidence of prior unrelated injuries and/or medical treatment; evidence of subsequent unrelated injuries and/or medical treatment; evidence of when plaintiff retained counsel in this case; evidence that plaintiff filed this Motion in Limine; and any reference to marijuana use (#22). Plaintiff also requests either an adverse inference instruction or exclusion of eyewitness testimony because of Wal-Mart's purported failure to preserve video evidence (#22). Defendant filed a response in opposition (#25, 26, 27, and 30).

I. Defendant's Motions in Limine

   *A. Motion in Limine No. 1: Limitation of Past Medical Expenses to Amounts Paid and Amounts Owed*

This motion invites the Court to consider whether the collateral source rule should be lifted to limit Plaintiff's recovery for past medical expenses to amounts paid or amounts owed. "The collateral source rule is a *per se* rule that bars the admission of a collateral source of payment for a loss or injury into evidence for any purpose." Winchell v. Schiff, 193 P.3d 946, 951 (Nev. 2008). The rule not only restricts evidence of collateral private insurance payments, but also of "social insurance benefits" because they, too, "[involve] a substantial likelihood of prejudicial impact." Eichel v. New York Cent. R. Co., 375 U.S. 253, 255 (1963). Furthermore, the rule is "designed to ensure that the victim, and not the tortfeasor, benefits from any 'windfall' resulting from a difference between the value of the harm caused and the amount actually paid to remedy it." Gresham v. Petro Stopping Ctrs., LP, 3:09-CV-00034-RCJ, 2012 WL 5198481, at *3 (D. Nev. Oct. 18, 2012). Defendant urges

1  the Court to abstain from applying the rule on two grounds. First, Defendant contends that the
2  collateral source rule's underlying public policy does not apply when, as here, Medicare covers
3  Plaintiffs' medical expenses, because nobody would be deterred from purchasing private insurance.
4  Second, Defendant argues that allowing recovery of amounts unilaterally deducted by medical
5  providers would create an unfair windfall for Plaintiff at the taxpayers' expense.

6  Prohibiting evidence of Medicare benefits serves the purpose of the collateral source rule. In
7  the context of disability benefits, the Supreme Court has unequivocally stated that social insurance
8  implicates the same prejudicial concerns as private insurance. See Eichel 375 U.S. at 255. This Court
9  sees no reason to distinguish disability benefits from Medicare and Medicaid benefits. Accordingly,
10 the collateral source rule applies.

11 The Court will not admit write-downs into evidence on the grounds that it would create an
12 unfair windfall for Plaintiffs. Contrary to California Supreme Court precedent relied upon by
13 Defendant,[1] the Nevada Supreme Court has unequivocally stated that "Nevada's collateral source rule
14 bars the admission of evidence showing medical provider discounts or 'write-downs.'" Tri-County,
15 286 P.3d at 597 (Gibbons, J., concurring). Recent decisions in this district have reached this same
16 conclusion and specifically addressed Defendant's windfall argument.[2] Accordingly, Defendant's
17 Motion in Limine No. 1 is **DENIED**.

18 ///
19 ///
20 ///

---

[1] See, e.g., Howell v. Hamilton, 257 P.3d 1130, 1145 (2011).

[2] See Gresham, 3:09-CV-00034-RCJ, 2012 WL 5198481, at *3 (D. Nev. Oct. 18, 2012) ("The collateral source rule makes the tortfeasor liable for the full extent of the damages caused, no matter how much the victim actually pays. That a medical provider ultimately accepts less than a billed amount, whether from an insurance company or from the victim directly, is not relevant to whether the tortfeasor is liable for the full value of the harm he has caused. The collateral source rule is an equitable rule specifically designed to ensure that the victim, and not the tortfeasor, benefits from any 'windfall' resulting from a difference between the value of the harm caused and the amount actually paid to remedy it. If a victim can remedy her harm at a 'bargain' rate, the 'windfall' represented by the difference belongs to the victim, not to the tortfeasor. . . . Defendants' grievance is with the reasoning behind the collateral source rule."); see also Alexander v. Wal-Mart Stores, Inc., 2:11-CV-752 JCM PAL, 2013 WL 427132, at *4 (D. Nev. Feb. 1, 2013) (noting that case law from the Nevada Supreme Court and U.S. District Court of Nevada has settled the issue).

*B. Motion in Limine No. 2: Unsupported Medical Damages Claims*

Defendant moves to exclude evidence of Plaintiff's asthma, cardiovascular, and dental damages. Defendant offers two theories to support its motion. First, Defendant alleges that Plaintiff violated Federal Rule of Civil Procedure 26 ("Rule 26"), justifying the imposition of sanctions pursuant to Federal Rule of Civil Procedure 37 ("Rule 37"). Second, Defendant alleges that Plaintiff will be unable to establish a prima facie case for causation at trial.

*i. Rule 26 Violations*

The first part of this motion invites the Court to consider (1) whether Plaintiff has violated Rule 26, and (2) if violations have occurred, whether they warrant Rule 37 sanctions. Rule 26 provides that a party must "make available for inspection and copying . . . the documents or other evidentiary material . . . on which each computation [of damages] is based, including materials bearing on the nature and extent of the injuries suffered[.]" Fed. R. Civ. P. 26(a)(1)(A)(iii). The plaintiff is required to produce such materials and "cannot shift to the defendant the burden of attempting to determine the amount of the plaintiff's alleged damages." Jackson v. UA Theatre Circuit, Inc., 278 F.R.D. 586, 593 (D. Nev. 2011). Furthermore, a party must supplement or correct if it learns that its response is materially incomplete or incorrect, and "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(a).

Rule 26 violations are subject to the sanctioning power of Rule 37. See Fed. R. Civ. P. 37(c). Rule 37 is described as a self-executing, automatic sanction that is intended to provide a strong inducement for disclosure of material. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). In particular, Rule 37(c)(1) provides that when a party violates Rule 26 as stated above it "is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he burden is on the party facing the sanction . . . to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless." Torres v. City of L.A., 548 F.3d 1197, 1213 (9th Cir. 2008). The

4

Ninth Circuit, however, gives wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1). Yeti, 259 F.3d at 1106. If precluding the evidence would cause a claim to be dismissed, district courts are required to consider whether the violation involved willfulness, fault, or bad faith, and also to consider the availability of lesser sanctions. R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1247 (9th Cir. 2012). In sum, if the Court determines Rule 26 has been violated, it must consider the following before imposing Rule 37 sanctions: (1) whether the violation was substantially justified or harmless, (2) whether sanctions would lead to dismissal, and (3) if sanctions would lead to dismissal, whether the violation involved willfulness, fault, or bad faith.

   First, Defendant claims that Plaintiff violated Rule 26 when it failed to list asthma as an injury in Defendant's interrogatory and Plaintiff's deposition. While this is true, Plaintiff listed asthma as one of her injuries in her initial complaint. Additionally, Plaintiff included her medical bills and records of her asthma-related hospitalization in her initial disclosure. Mot. in Lim. by Def. Ex. E. In light of these facts, the asthma claim had "otherwise been made known" to the Defendant. See Fed. R. Civ. P. 26(e)(1)(a). Accordingly, this conduct does not warrant Rule 37 sanctions.

   Second, Defendant alleges that Plaintiff never provided a medical record or bill to support her cardiovascular damage claim as required by Rule 26(a)(1)(A)(iii). Because Plaintiff does not deny this allegation, the Court reviewed Plaintiff's initial document disclosure and four supplemental disclosures. In the third supplemental disclosure, Plaintiff included a new charge of $6,478 from Nevada Heart & Vascular and the name of an employee from that same company. Mot. in Lim. by Def. Ex. C. Plaintiff did not include, however, any medical bills or records to verify the computation. Mot. in Lim. by Def. Ex. C, E. While Defendant was able to obtain the documents by subpoena, "Rule 26(a)(1)(A)(iii) would be rendered meaningless if a party could avoid its requirements by not obtaining the documents or information needed to prepare the damages computation." Jackson, 278

///
///
///

5

F.R.D. at 594. Providing a medical release, in this case, did not satisfy the Plaintiff's burden under Rule 26(a)(1)(A)(iii).[3]

Having determined Plaintiff violated Rule 26, the Court must consider what Rule 37 sanctions, if any, are appropriate. Plaintiff has not met her burden in showing that the violation was harmless or justified. Nevertheless, Defendant's procurement of the documents by subpoena mitigated the harm of the violation. Accordingly, the Court does not find it appropriate to preclude Plaintiff from pursuing damages for her cardiovascular issues. However, lesser sanctions are appropriate for Plaintiff's unjustified violations. Thus, the Court precludes Plaintiff from using any medical records or witnesses pertaining to the cardiovascular claim that could have been disclosed prior to the close of discovery, but were not.

Lastly, Defendant alleges that Plaintiff's failure to disclose dental records violated Rule 26. Defendant obtained the dental records by subpoena. Accordingly, this analysis does not differ in any material respect with the cardiovascular claim. Thus, the Court precludes Plaintiff from using any medical records or witnesses pertaining to the dental claim that could have been disclosed prior to the close of discovery, but were not.

Accordingly, as to the asthma claim, the motion is **DENIED**. As to the cardiovascular claim, the motion is **GRANTED IN PART** insofar as Plaintiff cannot use as evidence any medical records or witnesses that were not properly disclosed, and **DENIED IN PART** insofar as Plaintiff may present evidence or witnesses that were properly disclosed during discovery. As to the dental claim, the motion is **GRANTED IN PART** insofar as Plaintiff cannot use as evidence any medical records or witnesses that were not properly disclosed, and **DENIED IN PART** insofar as Plaintiff may present evidence or witnesses that were properly disclosed during discovery.

---

[3] Id. at 593-94 (citing Francois v. Colonial Freight Systems, Inc., 2007 WL 4564866, at *3 (S.D.Miss. 2007)) (noting that a court has rejected the "argument that sanctions under Rule 37(c) were not warranted because defendant was provided a 'medical waiver' and, therefore, could have obtained plaintiff's medical records and bills. The court found that this argument lacked merit because Rule 26(a)(1)(A)(iii) specifically requires the plaintiff to provide a computation of each category of damages and make the documents on which each computation is based available for inspection and copying.").

*ii. Failure to establish causation*

The second part of the motion invites the Court to consider whether Plaintiff's asthma, cardiovascular, and dental damage claims should be inadmissible at trial because no expert testimony has been submitted to show causation. The Ninth Circuit requires "a district court to make some kind of reliability determination to fulfill its gatekeeping function" with respect to admitting expert testimony. Elsayed Mukhtar v. California State Univ., Hayward, 299 F.3d 1053, 1063 (9th Cir. 2002). Federal Rule of Evidence 702 ("FRE 702") governs admissibility of expert testimony, generally. It states

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702; see also Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993). Thus, FRE 702 focuses on the methodology of the expert and the relevance and reliability of its conclusions. An expert is not admitted or excluded on the basis of its ability to establish an element of a prima facie case. "The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." Daubert, 509 U.S. at 595; see also Schudel v. GE, 120 F.3d 991, 996 (9th Cir. 1997). In fact, if an expert's conclusions would fail to satisfy a prima facie element, the proper method to, in effect, exclude the expert is summary judgment, which would dismiss the claim, altogether. See generally Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069-70 (3d Cir. 1990).

However, "[u]nlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of fact, a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley, 913 F.2d at 1069. Furthermore, the Court will not convert a motion in limine into a motion for summary judgment, because this would deprive litigants of the "procedural protections of notice which the federal rules require before judgment on the merits may be granted." Bradley, 913 F.2d at 1070; see

7

also Louzon v. Ford Motor Co., 11-2356, 2013 WL 2398042, at*6 (6th Cir. June 4, 2013); Bradley, 913 F.2d at 1069-70. In sum, where "the motion in limine is no more than a rephrased summary-judgment motion, the motion should not be considered." Louzon v. Ford Motor Co., 2013 WL 2398042, at*6.

As to Dr. Christensen, neither party appears to question his reliability. He is a medical doctor experienced in treating asthma patients. Both parties concede that Dr. Christensen has performed typical, diagnostic procedures, which are objectively and scientifically reliable. Defendant has requested a preliminary hearing to determine if Dr. Christensen satisfies FRE 702, but Defendant's only argument is that he fails to establish causation for the asthma claims. If Defendant had qualms with Dr. Christensen's "principles and methodologies," a hearing to determine his admissibility would be appropriate. As it stands, however, the admissibility of testimony under FRE 702 does not depend on an expert's ability to establish causation. Therefore, there are no disputed facts relevant to FRE 702 that would require a preliminary hearing. If Defendant's assertions had merit, a motion for summary judgment would have been the appropriate procedural vehicle.

The request to exclude asthma, cardiovascular, and dental damages fails for similar reasons. Rather than seeking to exclude evidence, Defendant argues that deficiencies in the evidence preclude the damage claims, altogether, "essentially convert[ing] [a] motion in limine into a motion for summary judgment."[4]

Accordingly, with respect to Dr. Christensen, the motion is **DENIED**. With respect to Defendant's causation argument concerning asthma, heart, and dental damages, the motion is **DENIED**.

*C. Motion in Limine No. 3: Evidence of Defendant's Financial Condition*

Defendant moves to exclude evidence of its financial condition. Plaintiff has expressed that

---

[4] See Meyer Intellectual Props. Ltd. v. Bodum, Inc., 690 F.3d 1354, 1378 (Fed. Cir. 2012); see also C & E Servs., Inc. v. Ashland Inc., 539 F. Supp. 2d 316, 323 (D.D.C. 2008) ("Nor should a motion in limine be used to argue . . . [that] an item of damages may not be recovered because no reasonable person could find that it was proximately caused by the defendant's acts. That is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.").

she has no opposition unless Defendant presents information or evidence relative to its wealth, business practices, and how much it spends ensuring customer safety. Thus, Plaintiff is precluded from presenting evidence of Defendant's financial condition. If Defendant presents evidence of its financial condition, the Plaintiff reserves its right to object, and the Court will readdress the issue at that time. The Motion is **GRANTED** consistent with the foregoing.

*D. Motion in Limine No. 9: Evidence From Other Matters*

Defendant moves to exclude evidence from other matters where it has been a party. Plaintiff has expressed that she has no opposition to Defendant's motion, unless Defendant presents such information or evidence. Accordingly, Plaintiff is precluded from introducing evidence from other matters. If Defendant presents such evidence, the Plaintiff reserves its right to object, and the Court will readdress the issue at that time. The Motion is **GRANTED** consistent with the foregoing.

*E. Motion in Limine No. 10: Evidence of Other Incidents*

Defendant moves to exclude evidence of other incidents which occurred and/or were reported to management at the *Walmart Store #1559*. Plaintiff has expressed that she has no opposition to Defendant's motion, unless Defendant presents such information or evidence. Accordingly, Plaintiff is precluded from introducing evidence of other incidents. If Defendant presents such evidence, the Plaintiff reserves its right to object, and the Court will readdress the issue at that time. The Motion is **GRANTED** consistent with the foregoing.

*F. Motion in Limine No. 12: Testimony that Plaintiff is Helpless or Financially Impaired*

Defendant moves to exclude testimony that Plaintiff is financially helpless or impaired. Plaintiff's financial condition is not relevant to the issues before the Court and would be prejudicial. Accordingly, Plaintiff is precluded from offering evidence or testimony on the matter. The motion is **GRANTED**.

*G. Motion in Limine No. 13: Testimony Regarding Plaintiff's Deceased Daughter*

Defendant moves to exclude testimony regarding Plaintiff's deceased daughter. Such testimony is not relevant to Plaintiff's claims against Wal-Mart, because the death occurred at a time

and place unrelated to the incident. Furthermore, such testimony would cause unfair prejudice. Accordingly, the motion is **GRANTED**.

*H. Motion in Limine No. 14: Leo Muñoz's Testimony Regarding Coca-Cola and Wal-Mart Stores, Inc.*

Defendant moves to exclude the testimony of Leo Muñoz, an employee of Coca-Cola, regarding Coca-Cola's relationship with Wal-Mart Stores, Inc. Leo Muñoz is the eye-witness who reported that Plaintiff staged her fall. Because his testimony is so crucial, any connections or special relations he may have with Defendant are probative and germane to the issue. The motion is **DENIED**.

*I. Motion in Limine No. 15: Leo Muñoz's Testimony Regarding the Foreclosure of His Home*

Defendant moves to exclude Leo Muñoz's testimony regarding the foreclosure of his home. The foreclosure does not appear germane at the present moment, however, the Court may allow questions regarding the foreclosure if they prove relevant at a future time. The motion is **DENIED** consistent with the foregoing.

*J. Motion in Limine No. 16: Joseph Valdez's Testimony Regarding His Disciplinary Record*

Defendant moves to exclude the testimony of Joseph Valdez, a Wal-Mart employee, regarding his disciplinary record. Defendant vaguely asserts that Mr. Valdez's disciplinary record is not relevant to Plaintiff's case, but fails to expound on the nature of the discipline or specify why it is not relevant. The Court will rule on such evidence at trial as needed. The motion is **DENIED** consistent with the foregoing.

*K. Motion in Limine No. 17: Request to Confine Rule 30(b)(6) Witnesses' Testimony to the Scope of the Rule 30(b)(6) Notice*

Defendant moves to exclude information received during the deposition of Todd Pierson ("Pierson"), the Wal-Mart store manager, which was outside the scope of the Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)") notice. Defendant alleges that calling Pierson as a Rule 30(b)(6) witness exempts him from testifying beyond the scope of the Rule 30(b)(6) notice. However, "Rule

30 allows depositions of a witness in his individual capacity and in an organizational capacity because the depositions serve distinct purposes and impose different obligations." Taylor v. Shaw, 2:04CV01668LDGLRL, 2007 WL 710186, at *2 (D. Nev. Mar. 7, 2007). Pierson was the store manager at the time of Plaintiff's incident. Thus, aside from his role as a Rule (30)(b)(6) designee, he likely possesses relevant knowledge as an individual. Accordingly, Pierson may testify in both capacities, but if he is asked to testify to facts outside the scope of the Rule 30(b)(6) notice, he will do so as an individual, not as a Rule (30)(b)(6) representative. As such, testimony offered in his individual capacity will not bind the corporation. This distinction must be made clear at trial, and any attempt to confuse the character of Pierson's testimony will be objectionable. The motion is **DENIED** consistent with the foregoing.

*L. Motions in Limine Nos. 4, 5, 6, 7, 8 and 11: No Objections*

Plaintiff has expressed no objection to Defendant's other Motions in Limine, and good cause appearing, Defendant's remaining motions are **GRANTED**.

II. Plaintiff's Motions in Limine

*A. Motion in Limine No. 1: References to Medicare/Medicaid Benefits and/or Medical Treatment Provided on a Lien Basis*

This matter has been addressed in Defendant's Motion in Limine No. 1. Accordingly, the motion is **GRANTED** consistent with the foregoing.

*B. Motion in Limine No. 2: Hypothetical Questions of Plaintiff and/or her Medical Providers Involving Non-Existent Medical Conditions, Symptoms or Injuries*

Plaintiff moves to preclude Defendant from asking hypothetical questions about non-existent medical conditions. Hypothetical questions are permissible so long as they do not "require the expert to assume facts that are not in evidence." Taylor v. Burlington N. R.R., 787 F.2d 1309, 1318 (9th Cir. 1986). Accordingly, Defendant may ask such questions provided they do not require assuming facts not in evidence. Plaintiff may object at trial if Defendant uses tactics that violate this principle. The motion is **DENIED** consistent with the foregoing.

*C. Motion in Limine No. 3: Evidence of Prior Accidents*

Plaintiff moves to preclude Defendant from introducing or referencing evidence of prior accidents involving Plaintiff that resulted in injuries unrelated to this case. The motion, however, does not specify which occurrences it seeks to exclude. Thus, the Court will determine as needed whether prior accidents are relevant. Accordingly, the motion is **DENIED**.

*D. Motion in Limine No. 4: Evidence of Prior Unrelated Injuries and/or Medical Treatment*

Plaintiff moves to exclude evidence that Plaintiff suffered from a neurological or orthopedic condition that caused her to slip and evidence that she had a prior back condition. These issues, however, are relevant to causation and damages and are therefore admissible. The motion is **DENIED**.

*E. Motion in Limine No. 5: Evidence of Subsequent Unrelated Injuries and/or Medical Treatment*

Plaintiff moves to exclude evidence of subsequent injuries or medical treatment. However, these injuries and treatments are admissible, because they bear on the question of causation and damages. The motion is **DENIED**.

*F. Motion in Limine No. 6: Evidence of when Plaintiff Retained Counsel in this Case*

Plaintiff moves to exclude evidence of when Plaintiff retained counsel. The jury is the appropriate body to determine the importance of this evidence. See generally Jain v. McFarland, 851 P.2d 450, 457 (Nev. 1993). Accordingly, both parties may offer evidence about the timing of the retention of counsel, and both parties may make arguments to the jury so long as evidence is properly elicited from witnesses to support the arguments. Id. at 457. The motion is **DENIED**.

*G. Motion in Limine No. 7: Evidence that Plaintiff Filed this Motion in Limine*

Plaintiff moves to exclude evidence that Plaintiff filed this motion in limine. Such evidence is excluded, unless Plaintiff violates any of the Court's rulings and thereby makes reference to the motions necessary. The motion is **GRANTED** consistent with the foregoing.

///

*H. Motion in Limine No. 8: Any Reference to Marijuana Use*

Plaintiff moves to exclude evidence of Plaintiff's marijuana use. Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Federal Rule of Evidence 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Not only has Plaintiff disclosed a positive drug test as part of her Rule 26(a)(1)(A)(iii) disclosures, but she has also admitted to using marijuana regularly throughout the 8 years preceding the incident. As such, the drug use is relevant as evidence of an alternative theory of causation and is more probative than prejudicial. Accordingly, the motion is **DENIED**.

*I. Motion in Limine No. 9: Spoliation of Evidence*

Plaintiff moves to preclude Defendant from presenting evidence that Plaintiff staged her accident and asks the Court to give an adverse inference instruction as sanctions for Defendant's alleged failure to preserve video surveillance evidence. "Spoliation occurs where the subject evidence is wholly unavailable, materially altered, mutilated or destroyed." English v. Wal-Mart Stores, Inc., 3:10-CV-00080-ECR, 2011 WL 3496092, at *4 (D. Nev. Aug. 10, 2011) (citing Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590-93 (4th Cir. 2001)). A precursor to spoliation, of course, is that the evidence must, at some time, be shown to exist. See Bertrand v. Fischer, 09-0076, 2011 WL 6254091, at *3 (W.D. La. Dec. 14, 2011). Spoliation requires the evidence be destroyed with a culpable state of mind. English v. Wal-Mart Stores, Inc., 3:10-CV-00080-ECR, 2011 WL 3496092, at *4 (D. Nev. Aug. 10, 2011). "A party engages in willful spoliation of evidence when [it] 'had some notice that the evidence was potentially relevant' to the litigation before it was destroyed." Id. at *4 (quoting United States v. $40,955.00 in U.S. Currency, 554 F.3d 752, 758 (9th Cir. 2009)). However, the mere possibility of litigation is not enough to put a party on notice; instead, litigation must be probable. Id. at *4. If the destruction is not willful, spoliation may also include negligent or reckless actions. Id. at *4 (citing Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 221 (S.D.N.Y. 2003)).

Plaintiff has not provided adequate information for the Court to find in her favor. It is unclear from Plaintiff's motion whether the video surveillance ever existed. It is also unclear why this matter was not resolved during discovery. Discovery, which closed on June 16, 2012, would have been the appropriate time for resolving this spoliation dispute. Furthermore, Plaintiff's request to exclude eyewitness testimony is unrelated to the alleged spoliation of video surveillance. Accordingly, Plaintiff's motion is **DENIED**.

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant Wal-Mart's Motions in Limine Nos. 1, 14, 15, 16, and 17 are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motions in Limine Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13 are **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Wal-Mart's Motions in Limine No. 2 is **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that Plaintiff's Motions in Limine Nos. 2, 3, 4, 5, 6, 8 and 9 are **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motions in Limine Nos. 1 and 7 are **GRANTED**;

DATED this 28th day of June 2013.

_____
Kent J. Dawson
United States District Judge